FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

02 AUG -1 PM 4:48

U.S. DISTRICT COURT
N.D. OF ALABAMA

MICHAEL W. ALRED and }
MICHAEL A. BEAN, }
 }
    Plaintiffs, }
 }
v. } CASE NO. CV 00-B-3309-NE
 }
COMMUNITY BANK, INC. }
 }
    Defendant. }

ENTERED

AUG - 1 2002

## MEMORANDUM OPINION

    Currently before the court is defendant's Objection to Expert Report, in which the defendant moves the court to strike the report of plaintiffs' expert witnesses, Ralph Q. Summerford and Kelly J. Todd, and to disallow these witnesses from testifying at trial, on the ground that their expert report was not filed until several months after the deadline imposed by this court's scheduling order. Upon consideration of the record, the argument of counsel, and the relevant law, the court is of the opinion that defendant's objection is due to be sustained.

    On February 27, 2001, the court conducted a scheduling conference with counsel for all parties, pursuant to Fed. R. Civ. P. 16(b), and made clear to the attorneys at the outset of this case that the discovery deadlines established in the scheduling order would not be extended except in the most unusual and extraordinary circumstances. Following the scheduling conference, the court issued a February 27, 2001 scheduling order which states that reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) were "due from plaintiffs by **July 16, 2001**, and from defendant by **August 27, 2001**." (emphasis in original). The February 27, 2001

37

scheduling order expressly warns, "**EXTENSIONS FOR THE DEADLINES SET FOR DISCOVERY CUTOFF AND DISPOSTIVE MOTIONS WILL NOT BE EXTENDED ABSENT EXTRAORDINARY GOOD CAUSE SHOWN.** This means it is highly unlikely that a Motion to Extend Discovery or the Date for Filing Dispositive Motions will be granted." (emphasis in original).

The plaintiffs did not submit any expert report within the July 16, 2001, deadline established by scheduling order. On October 22, 2001, however, the plaintiffs submitted the Expert Report of Ralph Q. Summerford and Kelly J. Todd. The defendant did not receive the plaintiffs' expert report until October 23, 2001, more than three months after the deadline for plaintiffs' expert reports, and nearly two months after the defendant's deadline for submitting its own expert reports.

In *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417 (11th Cir. 1998), the Eleventh Circuit explained the importance of Rule 16(b) scheduling orders as follows:

> District courts are required to "enter a scheduling order that limits the time to ... join other parties and to amend the pleadings ..." Fed. R. Civ. P. 16(b). Such orders "control the subsequent course of the action unless modified by a subsequent order," Fed. R. Civ. P. 16(e), and may be modified only "upon a showing of good cause." Fed. R. Civ. P. 16(b). This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's note; *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end.").
>
> A district court's decision to enforce its pre-trial order will not be disturbed on appeal absent an abuse of discretion. *Santiago v. Lykes Bros. Steamship Co.*, 986 F.2d 423, 427 (11th Cir. 1993).

*Sosa v. Airprint Systems,* 133 F.3d at 1418.

In the present case, plaintiffs have not established good cause for submitting their expert report outside the deadline. In their opposition to defendant's motion to strike the expert report,

2

plaintiffs argue that their previous attorney, Steve Marshall, orally informed defendant's counsel, prior to the deadline, that plaintiffs had retained Ralph Summerford as an expert. Assuming such a statement was made, it is insufficient to extend the deadlines, and the defendant was correct to assume that the plaintiffs had changed their minds when the deadline passed with no expert report from Mr. Summerford. Plaintiffs also argue that their experts could not complete the report until after the depositions of certain bank officers, but the court rejects this argument.

In summary, the plaintiffs have not shown good cause required by Rule 16(b) to extend the July 16, 2001, deadline for submitting expert reports. Therefore, the untimely report of Ralph Q. Summerford and Kelly J. Todd is due to be striken and these witnesses will not be allowed to testify at trial. An order sustaining defendant's objection will be entered contemporaneously herewith.

**DONE** this 31st day of July, 2002.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge