IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL W. ALRED, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | CV-00-BE-3309-NE |
| COMMUNITY BANK, INC., ) | |
| ) | |
| Defendant. ) | |

FILED SEP 12 PM 1:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
SEP 12 2002

## MEMORANDUM OPINION

This case is before the court on the Plaintiffs' Motion to Reconsider Order of July 31, 2002 Pertaining to Plaintiffs' Expert Report (Doc. 43). The plaintiff moves the court to reconsider a previous order barring plaintiffs' expert witnesses, Ralph Q. Summerford and Kelly J. Todd, from testifying at trial. The court granted plaintiffs' motion to reconsider and heard argument by counsel on this issue at the pretrial conference on September 4, 2002. Upon consideration of the record, the argument of counsel, and the relevant law, the court is of the opinion that defendant's objection is due to be sustained.

On February 27, 2001, the court[1] conducted a scheduling conference with counsel for all

---

[1] The case was filed on November 15, 2000 in the Northern District of Alabama and was assigned to Judge Sharon L. Blackburn. Judge Blackburn entered a Scheduling Order on February 27, 2001, that required reports from any experts retained by the plaintiffs to be filed no later than July 16, 2001. On October 22, 2001, plaintiffs filed the expert reports of Ralph Q. Summerford and Kelly J. Todd. The Defendant filed an objection to these reports on October 25, 2001, arguing that they were untimely. In an Order and Memorandum Opinion issued on July

1



parties, pursuant to Fed. R. Civ. P. 16(b). Following the scheduling conference, the court issued a February 27, 2001 scheduling order that states, inter alia, that reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) were "due from plaintiffs by July 16, 2001, and from defendant by August 27, 2001." The February 27, 2001 scheduling order expressly warns: "EXTENSIONS FOR THE DEADLINES SET FOR DISCOVERY CUTOFF AND DISPOSITIVE MOTIONS WILL NOT BE EXTENDED ABSENT EXTRAORDINARY GOOD CAUSE SHOWN. This means it is highly unlikely that a Motion to Extend Discovery or the Date for Filing Dispositive Motions will be granted." (emphasis in original).

The plaintiffs did not submit an expert report within the July 16, 2001, deadline established by the scheduling order. Instead, plaintiffs' counsel orally informed defense counsel sometime in June, 2001, that he had retained Ralph Summerford as an expert on the issue of plaintiffs' damages. Not until October 22, 2001, more than three months after the deadline for plaintiffs' expert reports, did plaintiffs submit the Expert Report of Ralph Q. Summerford and Kelly J. Todd. On October 25, 2001, the defendant filed an Objection to Expert Report and moved the court to strike the expert report and to disallow plaintiffs' experts from testifying at trial. In an Order and Memorandum Opinion issued on July 31, 2002, the court sustained the defendant's objection to the expert report.

In their August 20, 2002, Motion to Reconsider, plaintiffs moved the court to reconsider

---

31, 2002, Judge Blackburn sustained the defendant's objection and disallowed the testimony of proposed experts Summerford and Todd at trial. On August 5, 2002, this case was transferred to the undersigned. On August 20, 2002, plaintiffs filed the motion at issue to reconsider Judge Blackburn's August 1, 2001 order relating to plaintiffs' expert reports. The undersigned rarely reconsiders decisions of prior judges on reassigned cases.

the prior ruling and allow plaintiffs' expert report. Plaintiffs' primary argument for reconsideration was that the plaintiffs' failure to disclose its experts was a direct result of the defendant's own discovery delays. Specifically, plaintiffs argued that the defendant refused to allow the deposition of Mr. Ken Patterson, Chairman and CEO of defendant Community Bank, Inc., to take place in a timely manner. Plaintiffs had to reschedule the deposition numerous times and file two motions to compel before completing Mr. Patterson's deposition on March 22, 2002. Thus, plaintiffs argue that because "defendant's conduct stretched discovery nearly six months past the discovery cut-off set by the Court's Scheduling Order," the court should now modify the July 16, 2001, deadline for expert disclosure and allow the plaintiffs' untimely expert report.

District court judges have broad discretion over pretrial matters. See Santiago v. Lykes Bros. Steamship Co., 986 F.2d 423, 427 (11th Cir. 1993) ("We realize that for pretrial procedures to continue as viable mechanisms of court efficiency, appellate courts must exercise minimal interference with trial court discretion in matters such as the modification of its orders." (citing Hodges v. United States, 597 F.2d 1014, 1018 (5th Cir. 1979)). Rule 16(b) requires that a district court enter a scheduling order that limits the time for discovery. Fed. R. Civ. P. 16(b)(3). This order may also include times for the disclosure of experts under Rule 26(a). Fed. R. Civ. P. 16(b)(4). Once a judge enters a scheduling order, the judge may modify the order only "upon a showing of good cause." Fed. R. Civ. P. 16(b). "This good cause standard precludes modification unless the schedule cannot be met 'despite the diligence of the party seeking the extension.'" Sosa v. Airprint Systems, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note).

In the instant case, plaintiffs have not established good cause for submitting their expert report outside the deadline. Although plaintiffs argue that the defendants' efforts to delay discovery caused the untimely submission of the experts' reports, plaintiffs never filed a motion requesting an extension of time in which to file their reports. Thus, plaintiffs never attempted to show the good cause required under Rule 16 for a court to modify a scheduling order. Instead, plaintiffs orally informed defense counsel, prior to the deadline, that plaintiffs had retained Ralph Summerford as an expert. Assuming such a statement was made, oral statements or even agreements among counsel are insufficient to extend a deadline set forth in a court order. Court orders are binding on all parties and all parties must play by the same rules. This court will not provide relief to a party that simply ignores deadlines set forth in a Scheduling Order.

In summary, after due consideration the court GRANTS the plaintiffs' motion to reconsider the court's prior ruling preventing the use of plaintiffs' expert reports. However, because plaintiffs' counsel failed to file a motion to extend the deadlines set forth in the Scheduling Order prior to their expiration and subsequently submitted untimely expert reports, the court finds that the Defendants' Objection to the Plaintiffs' Expert Report is SUSTAINED. Plaintiffs are precluded from offering their expert witnesses at trial.

DONE this 12th day of September, 2002.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

4